IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                      3:05cr87/RV
                                                                                         3:07cv397/RV/MD

**JUAN L. NIEVES-VILLAREAL**

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 139).  The government has filed a response (doc. 142) and the defendant has filed a reply  (doc. 146).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I.  BACKGROUND**

Defendant was charged in a five counts of a six count indictment as follows: count one: conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and 500 grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(viii) and (b)(1)(B)(ii); count two: possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and 500

grams or more of a mixture and substance containing cocaine on a date certain in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(viii); count three: possession of a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); count four: possession of machine guns in violation of 18 U.S.C. § 922(o) and § 924(a)(2); and count six: possession of firearms by an illegal alien in violation of 18 U.S.C. § 922(g) and 924(a)(2). (Doc. 16).[1]  Defendant was represented by appointed counsel Donald Sheehan. Following a two day jury trial, defendant was found guilty as charged.

The PSR prepared by the probation office calculated defendant's base offense level at 34 based on a marijuana equivalency of 3,314 kilograms. There were no other applicable adjustments, and defendant's total offense level was 34, and his criminal history category was I. The applicable guidelines range on counts 1 and 2 was 151 to 188 months. Count 3 carried a statutory minimum mandatory sentence of 30 years imprisonment. 18 U.S.C. § 924(c)(1)(B)(ii). Counts 4 and 6 carried a statutory maximum penalty of ten years each. Defense counsel objected to a statement in the PSR regarding a search that had been executed prior to law enforcement securing a warrant, the drug weight and base offense level, the probation officer's description of sentencing options, and urged the court to sentence defendant only to a thirty year sentence. The probation officer noted in response to the latter objection that this would not be consistent with statutory intent.

At sentencing, the court overruled all of the defense objections. Counsel argued that a thirty-five year sentence, the five year statutory minimum on counts one and two followed by the thirty year sentence on count three was fair and just in this case. (Doc. 102). Defendant was sentenced to a term of 169 months imprisonment, the mid-point of the guidelines range, on counts one and two, to be served concurrently, 120 months on counts four and six to be served concurrently

---

[1] Defendant was not charged in count five of the indictment.

*Case No: 3:05cr87/RV; 3:07cv397/RV/MD*

with each other and with the sentence on counts one and two,[2] and the statutory mandatory minimum term of 360 months imprisonment on count three to be served consecutively to the other terms of imprisonment. His total sentence was thus 529 months imprisonment.  The court stated that in imposing sentence it had reviewed and applied the factors set forth in 18 U.S.C. § 3553(a) as well as the advisory nature of the guidelines, and that it had determined that the sentence was reasonable under all the circumstances.  (Doc. 102 at 22).

Defendant and co-defendant Martinez appealed, and their appeals were consolidated for appellate review. *United States v. Martinez*, 191 Fed. Appx. 856 (11th Cir. 2006).  Defendant Nieves-Villareal contended that the district court erred when it declined to suppress evidence seized in a search of his co-defendant's residence and that the government engaged in prosecutorial misconduct during closing argument.[3]  The Eleventh Circuit found that the agents who entered the house before the arrival of the warrant did so in order to prevent the destruction of evidence, and that they did not obtain any evidence before the warrant arrived.  Therefore, this did not constitute an illegal search under the Fourth Amendment.  *Martinez*, 191 Fed. Appx. at 859.  The appellate court also rejected the defendants' claim that certain statements made by the prosecutor during closing argument were improper and prejudiced the trial.  It found that the allegedly improper statements made by the government were all made in response to specific statements made by defense counsel in closing, that none of the statements could be classified as "misleading the jury or denigrating the defense," and that there was no reasonable probability that any of the statements by the government altered the outcome of the trial.  191 Fed. Appx. at 860.  The defendants' convictions were thus affirmed.

---

[2]This sentence was below the guidelines range because of the statutory maximum penalty. (Doc. 102 at 22).

[3]Co-defendant Martinez also argued that the evidence was insufficient to convict him of possession of the submachine guns that were discovered in Nieves-Villareal's bedroom.

*Case No: 3:05cr87/RV; 3:07cv397/RV/MD*

In the present motion, defendant raises four grounds for relief.  He contends that trial counsel was constitutionally ineffective for his failure to investigate the search warrant, and for his failure to raise a *Franks* claim, that his sentence was illegal or unreasonable, and that the prosecutor engaged in misconduct.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice.").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional

violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

A.  <u>Ineffective assistance of counsel</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and

reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th  Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).  When examining the performance of an experienced trial counsel, the

presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler,* 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell,* 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart,* 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.)*, cert. denied,* 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger,* 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly

prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle,* 480 F.3d at 1099 (quoting *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983)).

Defendant asserts that counsel was ineffective for failing to investigate the search warrant and to file a motion to suppress. When defense counsel's failure to litigate a Fourth Amendment claim is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2582-83, 91 L.Ed.2d 305 (1986). In this case, defendant appears to contend that had counsel done proper investigation, he would have determined that the search was improper due to the initial warrantless entry and seizure of the house. Counsel made an oral motion to suppress at trial, which was denied. Defendant does not explain what additional arguments counsel could or should have made in support of his motion that might have resulted in the suppression of the prejudicial evidence. Additionally, the constitutionality of the warrantless entry was decided on appeal. The Eleventh Circuit specifically found that the agents who entered the defendant's residence before the arrival of the warrant did so in order to prevent the destruction of evidence, and that they did not obtain any evidence before the warrant arrived. Therefore, the warrantless entry did not constitute an illegal search under the Fourth Amendment. *See Martinez*, 191

Fed. Appx. at 859. Defendant has failed to show counsel's performance was constitutionally ineffective.

Although framed in his motion as ineffective assistance of appellate counsel, in his reply brief, defendant's second claim also refers to the performance of trial counsel. Defendant contends that counsel was ineffective for not raising a *Franks*[4] claim. Defendant claims that had counsel conducted proper investigation, he could have raised a *Franks* issue challenging the validity and veracity of the search warrant prior to trial. To the extent defendant claims that counsel did not receive a copy of the search warrant prior to trial, he is mistaken. (See doc. 142 at 2-3). His *Franks* claim is likewise without merit.

In *Franks,* the Supreme Court ruled that under certain circumstances, criminal defendants have the right to challenge the veracity of statements made in affidavits filed in support of search warrants. The *Franks* Court held that where the defendant in a criminal proceeding "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155-156, 98 S.Ct. at 2676; *see also United States v. Arbolaez*, 450 F.3d 1283, 1293-1294 (11th Cir. 2006). If, at such a hearing "the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause" then the evidence seized pursuant to the search warrant should be suppressed. *Franks*, 438 U.S. at 156, 98 S.Ct. at 2676; *United States v. Anderton*, 136 F.3d 747, 749 (11th Cir. 1998). Allegations of either negligence or innocent mistake are insufficient. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. Defendant has failed to direct the court's attention to any allegedly false statements in the search warrant

---

[4]*Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

affidavit, much less make a showing that the affiant included false statements in the affidavit knowingly and intentionally, or with reckless disregard for the truth. In fact, in his reply brief he merely speculates that had counsel raised the issue he "may have also discovered a fraudulent search warrant." Conclusory allegations and abject speculation are insufficient to establish his entitlement to relief. Furthermore, counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue). Clearly his allegations do not establish that counsel's performance was constitutionally deficient.

B. <u>Illegal Sentence</u>

Defendant claims that his sentence is "unreasonable" under the factors of 18 U.S.C. § 3553(a) and 18 U.S.C. § 3742(e). As noted above, defendant's total sentence was 529 months imprisonment. Essentially, this sentence was 169 months imprisonment on counts one and two, followed by the statutory mandatory minimum term of 360 months on count three.[5] The sentence on counts one and two was in the middle of the applicable advisory guidelines range. Contrary to defendant's representation in his reply brief, the district court specifically stated that in imposing sentence it had reviewed and applied the factors set forth in 18 U.S.C. § 3553(a) as

---

[5]Because the 120 month sentences on counts four and six were to be served concurrently with each other and with the sentences imposed on counts one and two, they do not affect the length of defendant's sentence. In any event, these sentences were below the guidelines range because of the statutory maximum penalty.

*Case No: 3:05cr87/RV; 3:07cv397/RV/MD*

well as the advisory nature of the guidelines, and that it had determined that the sentence was reasonable under all the circumstances. (Doc. 102 at 22).

Defendant did not challenge his sentence on appeal. Therefore, his citation to 18 U.S.C. § 3742 is inapposite, as that section deals with review of a sentence on appeal. Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). His claim regarding the reasonableness of his sentence is thus procedurally barred. Defendant's disappointment with the length of his sentence, while understandable, provides no legal basis for relief.

## C. Prosecutorial Misconduct

Defendant claims that the prosecutor engaged in misconduct during closing arguments, using erroneous, inflammatory and prejudicial statements. The issue of prosecutorial misconduct during closing statements was raised on appeal. The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied,* 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *Hidalgo v. United States*, 138 Fed.Appx. 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is

afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects"). Therefore, defendant may not relitigate this claim before this court.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 139) be DENIED.

At Pensacola, Florida, this 14th day of April, 2008.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**